## The People of the State of Illinois, Defendant in Error, v. Wesley A. Colwell, Plaintiff in Error.

1. NEW TRIAL—*effect of written motion.* A party filing a written motion for a new trial is limited to the grounds therein assigned.

2. WIFE ABANDONMENT—*what evidence competent.* While evidence that the wife of the defendant has been assisted in her support by public officers is not permissible for the purpose of proving or showing that such defendant was guilty of wife abandonment, yet such evidence is proper for the purpose of showing where and in what manner his wife had received her support.

3. WIFE ABANDONMENT—*what evidence competent.* Evidence in a prosecution for wife abandonment, *held,* competent to show the defendant had visited the house of a woman of questionable reputation.

Prosecution for wife abandonment. Error to the County Court of Ford county; the Hon. H. H. KERR, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed March 30, 1910.

SCHNEIDER & SCHNEIDER, for plaintiff in error.

O. H. WYLIE, for defendant in error; A. L. PHILLIPS, of counsel.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

On information filed in the County Court of Ford county upon the charge of wife abandonment, plaintiff in error was tried, found guilty by a jury and sentenced by the court to pay a fine of $120 and costs of suit, and in addition thereto the court, under the provision of the statute, rendered a judgment requiring the plaintiff in error to pay to his wife the sum of ten dollars each week for the period of one year, beginning with the date of the judgment, and that he be released from custody one year on entering into recognizance of $500, conditioned for the payment of such weekly sums to his wife. He was then committed to the county jail until the fine and costs were paid.

Plaintiff in error and his wife, Emma Colwell, were married December 7, 1905. They had a small piece of property and lived therein for some time. In June, 1908, plaintiff in error sent his wife, who was then ill, home to her mother at Melvin, Illinois, to remain there until plaintiff in error could find work and provide for his wife. She stayed at her mother's something like three months. The wife was ill and unable to care for herself. Plaintiff in error paid nothing for the wife's support at her mother's and while she was there induced her to join him in a deed for the sale of their home at Paxton, where they had resided. Creditors of plaintiff in error were pressing him and he represented to her that if the premises they owned were sold he could pay his indebtedness and provide for her until he could obtain work.

. Plaintiff in error visited his wife three times at her mother's home. After that she saw nothing of him and heard nothing from him. He obtained and received the money for the sale of the property but used the same for other purposes than assisting his wife, representing to her he paid it on indebtedness from him to his parents. The wife's mother, to whose home she had been sent by him, was unable to care for and provide for her daughter. While she was still unable to provide for herself, he went to Indiana and Ohio. He was arrested under the warrant issued on the information on the second day of November, 1908. Up to that time he provided nothing for the support or maintenance of his wife, and did not even communicate with her.

Plaintiff in error contends that the judgment against him should be reversed and assigns the usual reasons therefor. The only ones seriously to be considered in the record and seriously urged by plaintiff in error are that the court admitted improper evidence on behalf of the people over his objection and gave improper instructions to the jury. Plaintiff in error filed his writ-

ten motion for a new trial and assigned various reasons therefor, and having reduced his motion to writing is limited to the causes therein assigned.

The plaintiff in error insists that three elements must be present in order to constitute the charge of wife abandonment: First, there must be an abandonment; second, the abandonment must be without good cause; and third, he must neglect and refuse to provide for her.

Upon the first proposition raised, plaintiff in error went away from his wife without leaving her any means for support and without communicating with her and continued to do so until the time of his arrest, the second day of November, 1908. The excuse that he gives for doing this, is that he was unable to earn any more than was necessary to take care of himself and that by reason of his not being able to earn more than sufficient to care for himself, he, therefore, did not neglect or refuse to provide for her, for the reason he had no funds with which to provide for her. If such a defense could be permitted to prevail, we are at a loss to know where convictions could be had in such cases.

The evidence in this case fully warrants the verdict of the jury, convicting the plaintiff in error, and unless improper evidence has been admitted by the trial court or an error committed in the instructions, the judgment should be affirmed.

Upon the question of the admission of improper evidence it is insisted that the court improperly permitted the people to show that the plaintiff in error's wife had been assisted in her support by public officers of Ford county. While this was not permissible for the purpose of proving or showing that the plaintiff in error had abandoned his wife, it was permissible for the purpose of showing where and in what manner the wife had received her support, and whether or not from the plaintiff in error, and having been properly admitted by the trial court, if plaintiff in error desired to have it limited to the purposes for which it was admissible,

he should have offered instructions to the court limiting this evidence, to such purpose; if admissible for any purpose whatever, it was admissible over a general objection, and once in, the only way to limit its proper consideration by the jury was by instructions.

It is also insisted that the court improperly admitted evidence of various visits, testified to by witnesses, concerning the visitation of plaintiff in error to the house of a woman living in Paxton whose reputation was of a questionable character, during which times, although staying in Paxton, he remained away from his wife. We think this evidence was properly admissible upon the question of neglecting and abandoning his wife.

In regard to the instructions complained of by plaintiff in error which were given on behalf of the People, in his written motion for a new trial plaintiff in error complains of only the sixth and seventh and having filed a written motion, he is limited to the causes therein assigned. While these instructions are not technically correct and we would be better satisfied if they had not been given, we are satisfied that the plaintiff in error was not prejudiced by the giving of either of those instructions and that it did not constitute a reversible error to give them.

The judgment in this case, upon the merits of the controversy, is correct and there is no question in the mind of this court of the plaintiff in error's guilt of the charge made against him, and finding no error in the record which requires a reversal the judgment is affirmed.

*Affirmed.*